UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT C. HOHMANN,<br>　　　　　Petitioner,<br>　v.<br>ROB ST. ANDRE,<br>　　　　　Respondent. | Case No. 24-cv-03597-RMI<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The original petition was dismissed with leave to amend, and Petitioner has filed an amended petition (dkt. 13).

## BACKGROUND

Petitioner pled no contest to sexually abusing his stepdaughter. *People v. Hohmann*, No. A167916, 2023 WL 8868067, at *1 (Cal. Ct. App. Dec. 22, 2023). He was sentenced to 20 years in prison. *Id*. The California Court of Appeal affirmed the judgment, and the California Supreme Court denied a petition for review. (*Id*.; dkt. 13 at 3). Petitioner indicates that he filed no other challenges to this conviction. (dkt. 13 at 3).

## DISCUSSION

### Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner, who is in state custody pursuant to a judgment of a state court, must "specify all the grounds for relief available to the petitioner . . . [and] state the facts

supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases; 28 U.S.C. foll. § 2254. "[N]otice pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970) (internal quotation marks omitted)).

**Legal Claims**

The original petition contained numerous claims and allegations that were not clearly identified, and some failed to state a federal claim. Petitioner stated that he did not file any state habeas petitions, yet many of his claims did not appear to have been presented on direct appeal. The petition was dismissed with leave to amend to address these deficiencies. The amended petition has only partially corrected these problems.

Petitioner alleges that: (1) he was diagnosed with a depressive disorder, and he cannot function normally or communicate properly; (2) due to the depressive disorder and other mental health issues, Petitioner could not understand the implications of accepting the plea and counsel was ineffective for not understanding his mental state, and (3) due to his depressive disorder he should never have accepted the plea deal.

As presented and even liberally construed the first and third claims fail to state a cognizable habeas claim.[1] While his mental health could serve as the basis for a habeas claim, simply arguing that he has a mental health disorder does not demonstrate the violation of a federal right. While Petitioner's second claim could state a federal claim, there is no indication that this claim was exhausted. There was no claim in Petitioner's direct appeal regarding counsel being ineffective due to Petitioner's mental health which resulted in not understanding the plea. *See Hohmann*, 2023 WL 8868067, at *1-4. The California Court of Appeal even noted that Petitioner understood the consequences of the plea. *Id*. at 2.

Petitioner can only proceed with claims that have been exhausted by being presented to the California Supreme Court. The amended petition is dismissed with leave to amend. Petitioner may demonstrate that the claim regarding counsel being ineffective because he did not understand the

---

[1] Petitioner also presents subclaims regarding a statement he made to the police and other due process violations, but the allegations are difficult to understand.

plea was exhausted or Petitioner may also file a motion for a stay to exhaust this claim.

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982).

In *Rhines v. Weber*, 544 U.S. 269 (2005) the United States Supreme Court found that a stay and abeyance of a federal petition should be available only in the limited circumstance that good cause is shown for a failure to have first exhausted the claims in state court, that the claim or claims at issue potentially have merit and that there has been no indication that petitioner has been intentionally dilatory in pursuing the litigation. *Rhines*, *supra*, at 277-78. If Petitioner wishes to stay this action, he shall file a motion addressing the *Rhines* factors.

## CONCLUSION

The amended petition is **DISMISSED** with leave to amend in accordance with the standards set forth above. The second amended petition or motion for a stay must be filed within **twenty-eight (28) days** of the date this order is served and must include the caption and civil case number used in this order and the words **AMENDED PETITION** or **MOTION FOR A STAY** on the first page. Failure to amend or file a motion for a stay within the designated time will result in the dismissal of these claims.

Petitioner must keep the court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: October 23, 2024

ROBERT M. ILLMAN
United States Magistrate Judge