UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT C. HOHMANN,<br>Petitioner,<br>v.<br>ROB ST. ANDRE,<br>Respondent. | Case No. 24-cv-03597-RMI<br><br>**ORDER TO STAY PROCEEDINGS AND ADMINISTRATIVELY CLOSE THE CASE**<br><br>Re: Dkt. No. 16 |

Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The amended petition was dismissed with leave to amend, and Petitioner has filed a motion for a stay. (dkt. 16).

## BACKGROUND

Petitioner pled no contest to sexually abusing his stepdaughter. *People v. Hohmann*, No. A167916, 2023 WL 8868067, at *1 (Cal. Ct. App. Dec. 22, 2023). He was sentenced to 20 years in prison. *Id*. The California Court of Appeal affirmed the judgment, and the California Supreme Court denied a petition for review. (*Id*.; dkt. 13 at 3). Petitioner indicates that he filed no other challenges to this conviction. (dkt. 13 at 3).

## DISCUSSION

### Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner, who is in state custody pursuant to a judgment of a state court,

1   must "specify all the grounds for relief available to the petitioner . . . [and] state the facts
2   supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases; 28 U.S.C. foll. § 2254.
3   "[N]otice pleading is not sufficient, for the petition is expected to state facts that point to a real
4   possibility of constitutional error." Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*,
5   431 F.2d 688, 689 (1st Cir. 1970) (internal quotation marks omitted)).

### Legal Claims

In the amended petition, Petitioner alleged that due to a depressive disorder and other mental health issues, he could not understand the implications of accepting the plea and counsel was ineffective for not understanding his mental state.

The Court noted that there was no indication that this claim was exhausted. There was no claim in Petitioner's direct appeal regarding counsel being ineffective due to Petitioner's mental health which resulted in not understanding the plea. *See Hohmann*, 2023 WL 8868067, at *1-4. Petitioner stated that he did not file any other challenges to the conviction. (dkt. 13 at 3). The amended petition was dismissed leave to amend to demonstrate exhaustion or to file a motion for a stay.

Petitioner has filed a motion for a stay arguing that he was unable to exhaust the claim earlier due to evidence not being available until now. (dkt. 16 at 1). Liberally construing his motion, Petitioner meets the requirement for a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), and his motion for a stay is granted. Petitioner has shown good cause for his failure to have first exhausted the claim, the claim potentially has merit, and there is no indication that Petitioner was intentionally dilatory in pursuing this litigation.

### CONCLUSION

Petitioner's motion for a stay (dkt. 16) is **GRANTED** and this case is **STAYED** pending exhaustion of his claim with the California Supreme Court. If Petitioner is not granted relief in state court, he may return to this Court and ask that the stay be lifted. He must also specifically set forth the exhausted claims in a second amended petition.

The stay is subject to the following conditions:

(1) Petitioner must diligently pursue his state court habeas proceedings; and

(2) Petitioner must notify this Court within thirty days after the state courts have completed their review of his claims or after they have refused review of his claims.[1]

If either condition of the stay is not satisfied, this Court may vacate the stay and act on this petition. *See Rhines*, 544 U.S. at 278 (district court must effectuate timeliness concerns of AEDPA by placing "reasonable limits on a petitioner's trip to state court and back.").

The Clerk shall **ADMINSTRATIVELY CLOSE** this case. The closure has no legal effect; it is purely a statistical matter. The case will be reopened, and the stay vacated upon notification by Petitioner in accordance with the instructions above.

Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: February 10, 2025

ROBERT M. ILLMAN
United States Magistrate Judge

---

[1] Petitioner is cautioned that the habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one-year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

3