UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT C. HOHMANN,

Plaintiff,

v.

ROB ST. ANDRE,

Defendant.

Case No. 24-cv-03597-PCP

**ORDER OF DISMISSAL IN PART AND FOR RESPONDENT TO SHOW CAUSE IN PART; ORDER GRANTING MOTION TO LIFT STAY**

Re: Dkt. No. 18

Robert Hohmann, an inmate at the High Desert State Prison in Susanville, California, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. No. 1. The petition was screened by United States Magistrate Judge Robert Illman, who twice dismissed it with leave to amend. Dkt. Nos. 10, 15. Magistrate Judge Illman subsequently granted Mr. Hohmann's motion to stay the instant federal habeas action so that petitioner could exhaust state remedies. Dkt. No. 17.

Mr. Hohmann recently filed a Second Amended Petition, Dkt. No. 19, and a motion asking for the stay of this case to be lifted, Dkt. No. 18. This action subsequently was reassigned to the undersigned. Dkt. Nos. 20, 21.

For the reasons stated below, the Court concludes that Mr. Hohmann's second amended petition, when liberally construed, states one cognizable claim for relief. Mr. Hohmann's second claim for relief is not cognizable and is DISMISSED.

**BACKGROUND**

Mr. Hohmann pleaded no contest to sexually abusing his stepdaughter. Dkt. Nos. 10, 15 (summarizing Mr. Hohmann's conviction). He was convicted of this crime and sentenced on May 28, 2020. *See* Dkt. No. 18 at 4 (state court record reciting the date of Mr. Hohmann's sentence).

United States District Court
Northern District of California

Mr. Hohmann did not challenge his conviction in a state appellate court until, at the earliest, October 10, 2022. *Compare Hohmann v. The Superior Court of Napa County*, Appeal No. A166270 (Cal. 1st Dist. Ct. of Appeal, filed Oct. 10, 2022) (seeking a writ of mandate) with *People v. Hohmann*, Appeal No. 167916 (Cal. 1st Dist. Ct. of Appeal, filed May 31, 2023) (lodging a notice of appeal). Thus, at least 865 days elapsed between Mr. Hohmann's conviction and his attempt to appeal his conviction within the state-court system.

The California Court of Appeal for the First Appellate District affirmed the judgment against Mr. Hohmann, and the California Supreme Court denied his petition for review on February 28, 2024. *See People v. Hohmann*, Appeal No. S283503 (Cal. S. Ct.).

Mr. Hohmann filed the instant federal habeas action on June 4, 2024. *See* Dkt. No. 1. As described above, this action was stayed and administratively closed so that Mr. Hohmann could exhaust state remedies. He appears to have done so in a timely fashion. *See* Dkt. No. 18 (attaching state-court records).

## LEGAL STANDARD

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

## ANALYSIS

Mr. Hohmann asserts two claims in his Second Amended Petition. Dkt. No. 19 ("SAP"). As noted above, Mr. Hohmann concedes that he pleaded *nolo contendere* to the charges against him. *See id*. at 2. In federal court, this plea forecloses many claims. *See United States v. Anderson*, 625 F.3d 1219, 1220 (9th Cir. 2010) (explaining that, under California law, a "plea of nolo contendere 'is the functional equivalent of a guilty plea'"); *see also Haring v. Prosise*, 462 U.S. 306, 319–20 (1983) (holding that a guilty plea forecloses consideration of pre-plea constitutional

United States District Court
Northern District of California

deprivations). The only challenges left open in federal habeas corpus after a guilty plea are challenges regarding the voluntary and intelligent character of the plea and the nature of the advice of counsel to plead. *Hill v. Lockhart*, 474 U.S. 52, 56–57 (1985); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

**I. Claim attacking plea**

Mr. Hohmann first claims that he lacked the mental capacity to understand his plea agreement, and thus that his plea agreement is therefore invalid.[1] SAP at 7. A plea must "represent[] a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Parke v. Raley*, 506 U.S. 20, 29 (1992) (internal citation and quotation marks omitted). This requires a review of the circumstances surrounding the plea. *See Brady v. United States*, 397 U.S. 742, 749 (1970). The totality of the circumstances includes "both the defendant's subjective state of mind and the constitutional acceptability of the external forces inducing the guilty plea." *Doe v. Woodford*, 508 F.3d 563, 570 (9th Cir. 2007) (internal quotations and citations omitted). Of particular importance is that the defendant have entered a guilty plea with sufficient awareness of the relevant circumstances and likely consequences, *Brady*, 397 U.S. at 748. A guilty plea not made voluntarily and intelligently violates due process. *See Boykin*, 395 U.S. at 242. The competency standard to plead guilty is the same as that to stand trial. *Doe v. Woodford*, 508 F.3d 563, 571 (9th Cir. 2007) (finding insufficient evidence of mental illness to establish defendant's incompetence). Because Mr. Hohmann's claim of incompetence appears to attack the knowing and voluntary nature of his plea, the Court concludes for screening purposes that this claim falls into the *Haring* exception and is cognizable. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

As noted above, Mr. Hohmann waited at least 865 days before challenging his conviction in a California appellate court. This is far longer than the one year permitted under federal law.

[1] Mr. Hohmann argues that his counsel failed to appeal the denial of a *Marsden* motion, and that this failure deprived him of ineffective assistance of counsel. *See* SAP at 7. A *Marsden* motion requests a change in counsel, and does not address the knowing and voluntary nature of a guilty plea. *See generally People v. Marsden*, 2 Cal. 3d 118 (1970). This argument thus does not fall into a *Haring* exception and does not state a separate claim.

*See* 28 U.S.C. § 2244(d). Mr. Hohmann argues that his "mental health evaluation was not finalized" when the time came to appeal, and that this evaluation constitutes "new evidence." SAP at 5–6. The Second Amended Petition reveals that Mr. Hohmann did not seek the evaluation until November 17, 2023, and it was not issued until August 15, 2024. *See id*. at 17.

The Court assumes that Mr. Hohmann intended to argue that this federal action is timely because his mental health evaluation constitutes "the factual predicate" of Mr. Hohmann's cognizable claim, and it "could [not] have been discovered through the exercise of due diligence" before August 15, 2024. This argument is questionable given that the mental health evaluation post-dates the filing of Mr. Hohmann's federal habeas petition, *see* Dkt. No. 1, and Mr. Hohmann presumably had some awareness of his mental state at the time he pleaded guilty. The Court will nonetheless accept this argument for screening purposes.

This Order finds **only** that, for the liberal purposes of screening, Mr. Hohmann has sufficiently identified a cognizable claim and explained why that claim is timely. This Order does not find that Mr. Hohmann's habeas claim is timely or that the claim will succeed.

## II. Claim attacking interviews

Mr. Hohmann argues that he was not given a mental health evaluation upon his arrest, that his statements made during the arrest and interviews thus should be deemed inadmissible, and that he was inappropriately confined in a "toxic environment with obvious risk." SAP at 8–9.

Mr. Hohmann's argument does not state a cognizable habeas claim. As noted above, because Mr. Hohmann pleaded guilty, only a limited set of claims remains cognizable. Mr. Hohmann's argument that his statements should have been excluded does not fall into a *Haring* exception. *See, e.g.*, *Moran v. Godinez*, 57 F.3d 690, 700 (9th Cir. 1994) (refusing to consider contention that petitioner's attorneys were ineffective because they failed to attempt to prevent the use of his confession as pre-plea constitutional violation). It thus does not give rise to a cognizable claim.

To the extent Mr. Hohmann intends to challenge the conditions of confinement following his arrest, the instant action is not an appropriate vehicle. Mr. Hohmann instead should file a civil rights action pursuant to 42 U.S.C. § 1983.

United States District Court
Northern District of California

**CONCLUSION**

For the foregoing reasons,

1. Liberally construed, the Petition warrants a response only to Mr. Hohmann's claim that his guilty plea was not intelligent and voluntary.

2. The Clerk shall electronically serve a copy of this order upon the respondent and the respondent's attorney, the Attorney General of the State of California, at the following email address: SFAWTParalegals@doj.ca.gov. The Second Amended Petition and any exhibits thereto are available via the ECF system for the Northern District of California. *See* Dkt. No. 19. The Clerk also shall serve by mail a copy of this order on the petitioner.

3. The respondent must file and serve upon the petitioner, on or before **January 8, 2027,** an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. The respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petitioner.

4. If the petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on the respondent on or before **February 12, 2027.**

5. If respondent believes this petition should be dismissed, respondent must so move on or before the deadline to file an answer. In that event, petitioner may file an opposition to respondent's motion on or before February 12, 2027. Respondent then would be required to file a reply by February 26, 2027.

6. The petitioner is responsible for prosecuting this case. The petitioner must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. The petitioner is cautioned that he must include the case name and case number for this case on the first page of any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: September 28, 2026

P. Casey Pitts
United States District Judge

United States District Court
Northern District of California